KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— November, 1881.

SCHUTZ *v.* STUTZER.

*In the matter of the judicial settlement of the account of* HERMAN STUTZER, *executor, etc., of* AUGUSTUS J. G. SCHUTZ, *deceased.*

The testator, by his will, gave to his wife an annuity of "fifteen hundred dollars, United States currency, the United States currency to be calculated at the rate of one hundred and ten dollars currency for every one hundred dollars United States gold, if, at the time when the above payments commence, specie payments should have been resumed, and also if gold should have gone higher." Specie payments were resumed before payment of the annuity commenced. The executor having paid to the widow $1,610 per annum, on his accounting the next of kin objected that the payment should have been $1,500 per annum. *Held,*

1. That the intent of the testator was that, if currency remained below par and above a point at which gold was estimated at 110, the widow should receive $1,500 in currency, per annum, but that, if currency rose to par or depreciated below the point at which gold was estimated at 110, she should receive the equivalent of $1,363.64 in gold.

2. That, specie payments having been resumed, the annual payment should have been the last-named sum, and that the excess paid by the executor should be charged to him, with interest, and he be allowed to deduct the same from future payments of the annuity.

APPLICATION, by Herman Stutzer, executor, etc., of decedent, for the judicial settlement of his account. The

widow, Elizabeth P. Schutz, and the next of kin of the testator, were cited to appear on the settlement.

The testator gave to his wife an annuity, or yearly allowance, of "fifteen hundred dollars, United States *currency*, the United States currency to be calculated at the rate of one hundred and ten dollars currency for every one hundred dollars United States gold, if at the time when the above payments commence specie payments should have been resumed and also if gold should have gone higher."

It was admitted that specie payments were resumed before the said annuity became payable. The executor had paid the widow $1,610 a year, and to this amount objection was made on behalf of the infants, their special guardian claiming that the amount should have been only $1,500.

S. M. Parsons, *for executor.*

Geo. G. Dutcher, *special guardian for infants.*

The Surrogate.—The will was made in April, 1875. If specie payments were not resumed, or if gold did not rise in value, as measured by the standard of United States currency, the widow would be entitled to $1,500 a year in currency, neither more nor less; but the testator had seen the wild fluctuations to which our currency had been subjected; he understood that its purchasing power was less or greater, in proportion as the premium on gold rose or fell. He knew that $1,500 in currency, with gold at 120, was only equal to $1,375 in currency, with gold at 110; and, on the other hand, that $1,500 in currency, at par with gold, was equal to $1,650 in currency, with gold at 110.

He intended that, if the premium on gold should rise

above ten per cent., his wife should still receive the same annuity, measured by the standard of gold, as if it had remained at 110, and that, if specie payments should be resumed, when currency would necessarily be exchangeable for gold at par by the goverhment, the amount of her annuity, measured by the same standard, should not be any greater than when gold was at 110, whether paid to her in currency or in gold. He, therefore, provided that his widow should be paid an annuity amounting to $1,500 in currency, to be calculated at the rate of $110 in currency for each $100 in gold, or, in other words, that the amount of said annuity in currency should remain equivalent to $1,363.64 in gold, whether the premium on gold should rise above 110, or disappear altogether. When, therefore, specie payments were resumed, and the annuity was paid to the widow in currency at par with gold, all she was entitled to receive was the sum of $1,363,64. The difference, between that amount and the sum paid to her by the executor, must be charged back to him with interest, and he may retain that amount from the annuity to be paid to the widow.

Decreed accordingly.